UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CIVIL RIGHTS COMPLAINT FORM FOR
PRO SE PRISONER LITIGANTS IN ACTION UNDER
28 U.S.C. §1331 OR §1346 OR 42 U.S.C. §1983

**DESMOND LAMAR GRAHAM JR,**
   DC# E-516997

   VS.                                           Case No. 3:24cv31-LC-HTC

**KAREN FORRESTER
EMMANUAL HERNANDEZ-PEREZ
CENTURION – THE MEDICAL COMPANY**



PROVIDED TO
SANTA ROSA CI ON
JAN 1 8 2024
FOR MAILING BY
DLG

Jury Trial Requested
☒ YES

FILED USDC FLND PN
JAN 22 '24 AM11:51

1

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

*Plaintiff's Name*: Desmond L. Graham #516997

*Current Institution*: Santa Rosa Correctional Institution

*Address*: 5850 East Milton Road, Milton, Florida 32583

### B. Defendant(s)

i. *Defendant's Name*: Karen Forrester

*Official Position:* Physician

*Employed at:* Walton Correctional Institution – Centurion

*Mailing Address:* 691 Institution Road, Defuniak Springs, Florida 32433

☒ Sued in Individual Capacity

ii. *Defendant's Name*: Emanual Hernandez-Perez

*Official Position:* Medical Director for Region 1

*Employed at:* Centurion of Florida

*Mailing Address:* 1203 Governors Square Blvd. (Suite 600), Tallahassee, Florida 32301

☒ Sued in Individual Capacity

iii. *Defendant's Name:* Centurion of Florida

*Official Position:* Medical Company

*Employed at:* Centurion of Florida

*Mailing Address:* 1203 Governors Square Blvd. (Suite 600), Tallahassee, Florida 32301

☒ Sued in Official Capacity

2

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. §1331 or §1346

Under 42 U.S.C. §1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). You may sue federal officials for the violation of certain constitutional rights.

I'm bringing suit against ☒ State/Local Officials (§ 1983 case)

I am a convicted state prisoner.

## **STATEMENT OF FACTS**

1. On 2/23/2020 at 7:10 am. Plaintiff was sent to the infirmary complaining about his nose and shoulder hurting from a slip and fall in the shower. Plaintiff was placed on 24 hrs. observation due to the severity of his injuries. A body chart was made of plaintiff's injuries.

2. On 2/24/2020 Plaintiff was given an examination by A.R.N.P. K. Forrester and was told that there would be X-Rays taken on plaintiff's shoulder.

3. On 2/28/2020 X-Rays was taken of plaintiffs right shoulder.

4. On 3/17/2020 X-Rays came back and plaintiff was put on callout to see K. Forrester at the medical unit. K. Forrester informed plaintiff that he has torn ligament and mild arthritis in his right shoulder. Plaintiff was told by K. Forrester that he did not need surgery to repair or relieve the pain in his right shoulder.

5. On 4/23/2021 plaintiff noticed missing medical file that had been documented of plaintiff injury's on 2/23/2020. Plaintiff noticed a false body chart that was dated the same day plaintiff was placed in the infirmary.

6. On 9/9/2020 Dr. E. Hernandez-Perez had the opportunity but failed and refused to intervene as Regional Medical Director of Region 1 to order corrective surgery on plaintiff's right shoulder.

7. Dr. E. Hernandez-Perez had full knowledge of the damage. Pain and

consequences that plaintiff faced without surgery and failed to provide the proper medical care.

8. Centurion had full knowledge of the damage, pain and consequences that plaintiff faced without surgery and failed to provide the proper medical care, medical staff and treatment.

## DENIAL OF MEDICAL CARE

On 3/17/2020 plaintiff was called to the medical unite for a doctors appointment for the results of X-Rays that was taken on plaintiff's right shoulder on 2/28/2020.  Plaintiff was told by A.R.N.P. K. Forrester that he had torn ligament and mild arthritis in his right shoulder.  Plaintiff asked A.R.N.P Karen Forrester to recommend surgery to repair torn ligament and relieve plaintiff of pain.  A.R.N.P. K. Forrester refused plaintiffs request for surgery and gave plaintiff a sheet of paper that explained how to rotate plaintiff's shoulder.  K. Forrrester also told plaintiff that he did not need surgery and that his shoulder would heal on its own.

On or about 9/9/2020 plaintiff submitted a formal grievance to the medical unit at Walton Correctional Institution that was responded to by Dr. E. Hernandez-Perez concerning plaintiff's torn ligament in his right shoulder.  Dr. E. Hernandez-Perez had authority to intervene to provide adequate medical care, but denied Plaintiff the relief he sought.

On 4/23/2021 plaintiff reviewed his medical charts and noticed several documents missing from his medical file, including the body chart that was taken of plaintiff's injuries on 2/23/2020 and the x-ray results that was taken on 2/28/2020 in the place of these documents are false medical reports.

Plaintiff has filed multiple grievances asking for a surgery and to be referred to a specialist that is capable of making the correct professional decision.

Dr. E Hernandez-Perez is responsible for arranging for specialized care outside the prison.

The plaintiff is in great pain and his shoulder is limited in rotation, there is bone on bone grinding every time plaintiff attempts to move his right shoulder

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The plaintiff has exhausted his administrative remedies with respect to all claims and all defendant's.

## **CLAIMS OF RELIEF**

1. The failure of defendant K Forrester to provide essential medical care constituted deliberate indifference to plaintiff's Eighth Amendment right to the United States Constitution.

2. The actions taken after defendant K. Forrester obtained full knowledge of

6

x-ray diagnostic and disregard of plaintiff's serious medical need by refusing to recommend surgery to repair torn ligament in plaintiff's right shoulder constitutes deliberate indifference to plaintiff's Eighth Amendment right to the United States Constitution.

3. The actions of defendant K. Forresters intentional removal and disposal of X-Rays, body chart, plus defendants planting false medical documents in plaintiff's medical file constitutes a violation of plaintiff's Fourteenth Amendment right to the United States Constitution.

4. The failure of defendant Dr. Hernandez-Perez to intervene and denial of plaintiff's access to outside medical personnel that specialize and qualify to render expert judgment about a particular serious medical need constitutes deliberate indifference to plaintiff's Eighth Amendment right of the United States Constitution.

5. The failure of the medical company Centurion to intervene and prevent extensive damage to plaintiff right shoulder constitutes deliberate indifference to the plaintiff serious medical need in violation of the Eighth Amendment to the United States Constitution.

## RELIEF REQUESTED

A. Issue a declaratory judgment stating that:

  I. Defendant's Forrester, Hernandez-Perez and Centurion actions in

7

failing to provide adequate medical care for the plaintiff violated and continue to violate the plaintiff's rights under the Eighth Amendment to the United States Constitution.

II. Defendant K. Forresters intentional removal of plaintiff's medical records violated the plaintiff's right under the due process clause of the Fourteenth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Forrester, Hernandez-Perez and Centurion or their agents to :

I. Immediately arrange for the plaintiff to be examined by a medical practitioner with expertise in repairing torn ligament.

II. Immediately arrange for plaintiff to take a M.R.I. To determine the extent of the damage done and to repair and relieve plaintiff of continued pain.

III. Replace the original x-ray diagnostic sheet, body chart and important medical records back into plaintiff's medical file/records.

C. Award compensatory damages in the following amounts:

I. $100,000 jointly and severally against defendant's Forrester, Hernandez-Perez and Centurion for the physical and emotional injuries sustained as a result of the plaintiff being denied adequate medical care and corrective surgery to relieve the pain and suffering in plaintiff right shoulder from torn ligament.

II.   $10,000 Jointly and Severally against defendant Forrester and Centurion for the deprivation of amenity and emotional injury resulting from their denial of due Process in connection with the removal of Plaintiff's important Medical documents from his Medical Records.

D. Award Punitive damage in the following amounts:

I.   $50,000 against defendant Centurion.

II.   $20,000 each against Forrester and Hernandez-Perez.

E. Grant such other relief as it may appear plaintiff is entitled.

Date: 1/18/2024

Respectfully Submitted

/s/ Desmond Graham 516997

Desmond Graham DC#516997
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, Florida 32583

## **PRIOR LITIGATION**

A. I have never had a case dismissed as frivolous as malicious, for failure to state a claim or prior to service.

B. I have never filed a lawsuit or appeal in state or federal court dealing with the same facts or issue involved in this case.

C. I have filed a appeal in State Court challenging a violation of Probation Conviction related to the conditions of my confinement.

1. Case# 2D21-2522, L.T. NO: 09-CF-014351

    Parties:    DESMOND L. GRAHAM vs. STATE OF FLORIDA

    Court:      13th District

    Judge:      Michelle D. Sisco

    Date Filed: 12-4-2018, 1-16-22 Mandated on 7-25-2022

    Reason for Mandate: Court claimed I untimely filed my motion.

## **CERTIFICATION**

1. I declare, under penalty or perjury, that all the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure II. I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule II.

3. I understand it is my obligation to timely notify the Clerk's office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 1/18/2024    Plaintiff's Signature: *Desmond L. Graham*

Printed Name of Plaintiff: Desmond L. Graham

Correctional Institution: Santa Rosa Correctional Institution

Address: 5850 East Milton Road Milton, Florida 32583

I certify and declare, under penalty of perjury, that this complaint was ☒ delivered to Prison officials for mailing on the ___18th___ day of ___January___ 2024

Signature of Incarcerated Plaintiff: *Desmond L. Graham*

Desmond L. Graham #516997
Santa Rosa Correctional Institution
5850 E. Milton Road
Milton, Florida 32583




Clerk U.S. District Court
ONE North Palafox Street
Pensacola Florida 32502-5658