UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DESMOND LAMAR GRAHAM, JR.,

    Plaintiff,

v.                                   Case No. 3:24cv31-LC-HTC

KAREN FORRESTER,
EMMANUAL HERNANDEZ-PEREZ,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Desmond Lamar Graham, Jr. ("Graham"), proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983, purporting to assert claims for deliberate indifference to medical needs against two defendants arising out of his care while at Walton County Correctional Institution ("WCI"). Doc. 7. After reviewing the amended complaint, the undersigned concludes it fails to state a claim against the named Defendants. Additionally, because the Court has already given Graham an opportunity to amend the complaint and specifically advised Graham in an earlier order, Doc. 7, that his allegations do not state a claim for deliberate indifference to a serious medical need, the undersigned recommends this case be dismissed without prejudice. However,

Graham's amended complaint, which only removes defendant Centurion of Florida but otherwise repeats the allegations in the original complaint, fares no better.

## I. Background

Graham, an inmate of the Florida Department of Corrections ("FDOC"), sues Defendants two medical providers, Karen Forrester and Emanual Hernandez-Perez.[1] Doc. 7. The following allegations are taken from the amended complaint.

On February 23, 2020, Graham was sent to the WCI infirmary complaining of nose and shoulder pain from a slip and fall in the shower. He was observed for 24 hours, and a body chart was created documenting his injuries. On February 24, Forrester examined Graham and Graham was told there would be x-rays of his right shoulder taken. Those x-rays were taken on February 28. On March 17, Forrester advised Graham he had a torn ligament and mild arthritis in his right shoulder but that he did not need surgery to repair or relieve the pain in his right shoulder.

On September 9, 2020, Dr. Hernandez-Perez had the opportunity but failed and refused to intervene as Regional Medical Director of Region 1 to order corrective surgery on Graham's right shoulder, with full knowledge of "the injury and damage to Plaintiff's right shoulder" and "the pain and consequences Plaintiff

---

[1] In the "Parties" section of the complaint form, Plaintiff identifies Forrester as a physician. However, in the fact section of the complaint, he identifies her as an "ARNP" or registered nurse practitioner. Plaintiff identifies Dr. Hernandez-Perez as the Regional Medical Director of Region 1 and an employee of Centurion of Florida.

faced without surgery." *Id.* at 6.

On April 23, 2021, Graham "noticed missing medical files that had been documented of plaintiff['s] injuries on 2/23/2020. Doc. 7 at 5. Graham also noticed a false body chart that was dated the same day Plaintiff was placed in the infirmary." *Id.* at 6.

Graham contends that Forrester's and Hernandez-Perez's conduct violated his Eighth Amendment rights. He also alleges that Forrester's removal and disposal of his medical records violates his Fourteenth Amendment due process rights. For relief, he seeks (1) an injunction ordering the Defendants to immediately arrange for him to be examined by a medical practitioner with expertise on repairing torn-ligaments, to arrange an MRI, and to return the original body chart and x-rays to his medical file; (2) compensatory damages jointly and severally against Defendants of $60,000; (3) $10,000 against Forrester "for the deprivation of amenity" as well as causing emotional injury relating to the denial of due process in connection with the removal of the medical records; (4) punitive damages against each Defendant of $20,000; and (5) any such other relief as it may appear Plaintiff is entitled.

## II.    Legal Standard

Because Graham is proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III.  Discussion

#### A.  Deliberate Medical Indifference Claims

As stated above, Graham sues Defendants for deliberate indifference to a serious medical need. However, Plaintiff's allegations fail to state a claim under the Eighth Amendment. Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) ("Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration."). The Supreme Court has emphasized, however, that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105.

To prevail on a deprivation of medical care claim, a plaintiff "must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A serious medical need is "one that, if left unattended, poses a substantial risk of serious harm." *Id.* at 1307 (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). For a defendant to have acted with deliberate indifference to that need, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (quoting *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). To have subjective knowledge, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference requires more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and quotations omitted).

As an initial matter, even accepting as true that Graham had a torn ligament in his right shoulder, such a condition, standing alone, is not a serious medical need. *See, e.g.*, *Blount v. Rastani*, 2023 WL 5776449, at *9 (N.D. NY Aug. 10, 2023)

(collecting cases). And even assuming Graham's shoulder injury was a serious medical need, Graham has not set forth any facts sufficient to show that Defendants Forrester or Hernandez-Perez's treatment of him was deliberately indifferent.

Forrester, for example, examined Graham, ordered x-rays for his shoulder, and then met with him again to go over the x-rays. The fact that she did not believe or recommend him for surgery does not amount to a constitutional violation. "Where a prisoner has received ... medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted). Graham's belief that he should have surgery on his right shoulder, without more, equates to a "simple difference in medical opinion between the prison's medical staff and the inmate as to the [inmate's] diagnosis or course of treatment," which does not give rise to a claim under the Eighth Amendment. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

Graham's allegations against Dr. Hernandez-Perez do not fare any better. While Graham alleges the doctor "had the opportunity but failed and refused to intervene," he sets forth no facts showing how the doctor obtained this opportunity, how he obtained any knowledge regarding Graham's injury, or how he failed to intervene. Regardless, as with Forrester, the fact that Hernandez-Perez disagreed

with Graham that surgery was necessary does not represent cruel and unusual punishment. *Boone v. Gaxiola*, 665 F. App'x 772, 775 (11th Cir. 2016) (citing *Estelle*, 429 U.S. at 107–08) ("[A] medical decision not to pursue a particular course of diagnosis or treatment is a classic example of a matter for medical judgment, an exercise of which does not represent cruel and unusual punishment."). Indeed, the decision not to recommend surgery is a quintessential matter of medical judgment with courts are loath to second guess. *Derks v. Centurion Med.*, 2022 WL 2356820, at *13 (M.D. Fla. June 30, 2022), *aff'd sub nom. Derks v. Bassa*, 2023 WL 5664197 (11th Cir. Sept. 1, 2023) (prison doctor's refusal to provide right shoulder surgery requested by plaintiff was a "simple difference in medical opinion between the prison's medical staff and the inmate" which did not support a claim of cruel and unusual punishment).

Also, while Graham requested an evaluation by a specialist in his amended complaint, "[t]he Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment, or a place of treatment." *Brownlow v. Chavez*, 871 F. Supp. 1061, 1064 (S.D. Ind. 1994) (citing *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)); *see also Kiley v. Andam*, No. 5:06CV86 RS, 2006 WL 3667233, at *5 (N.D. Fla. Dec. 12, 2006) (noting a doctor's decision to forgo referring a prisoner to a specialist does not violate the Eighth Amendment).

Case No. 3:24cv31-LC-HTC

### B.  Fourteenth Amendment Due Process Claims

Graham also seeks relief against Defendant Forrester for violating his due process rights under the Fourteenth Amendment by removing his x-ray from his medical file and putting a false body chart in his file. Doc. 7 at 18 & 20. Even accepting the allegations as true, they do not support a due process claim.

The Due Process Clause of the Fourteenth Amendment prohibits a State from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "A procedural due process claim consists of two elements: (I) deprivation by state action of a protected interest in life, liberty, or property, and (II) inadequate state process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023). Here, Graham cannot show a protected interest in his medical file. Federal Courts have not "recognized a cognizable liberty or property interest in one's medical records sufficient to support a constitutional claim for relief." *McGillvary v. Riez*, 2023 WL 8066155, at *6 (D.N.J. Nov. 20, 2023) (citing *Wade v. Mills*, No. 19-21501, 2021 WL 689106, at *3 (D.N.J. Feb. 23, 2021)); *Head v. Bailly*, 2019 WL 1779340, at *3 (D.N.M. Apr. 23, 2019) ("Denial of access to review medical records does not constitute deprivation of life or property."); *Bonneau v. Staton*, 2012 WL 1759852, at *9 (D. Or. Mar. 13, 2012), *report and recommendation adopted*, 2012 WL 1758656 (D. Or. May 12, 2012) ("Plaintiff has not identified any statute or ordinance that creates a constitutional 'liberty interest' entitling inmates to possession of their

medical files while incarcerated.").

As Graham has no clear liberty or property interest in his medical file sufficient to support a Due Process claim, he fails to state a cognizable claim for relief based on alleged tampering with his medical file, and his Due Process claims should therefore be dismissed.

## IV.   Conclusion

After Graham filed his original complaint, Doc. 1, the Court issued an order which described the applicable legal standards, advised Graham the complaint failed to state a claim, and gave Graham an opportunity to submit an amended complaint, Doc. 5. With the exception of Graham's omission of Centurion as a defendant, Graham's amended complaint continues to suffer from the same deficiencies. Because Graham has failed to state a viable claim against the Defendants and failed to cure the deficiencies identified in the original complaint through amendment, this case should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

2. That the clerk close the file.

At Pensacola, Florida, this 28th day of February, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.